# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE OSBY, | 1:08-cv-01481-AWI-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 1] |
| KEN CLARK, Warden | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on July 16, 2008, in the United States District Court for the Central District of California. By order of September 30, 2008, the petition was transferred to this Court. (Court Doc. 10.)

On the form petition, Petitioner neglected to indicate that he has previously filed a petition for writ of habeas corpus in the United States District Court for the Central District of California, in case number CV 07-4439-ODW (PLA), <u>Osby v. J.F. Salazar</u>, which was dismissed, with prejudice, on April 24, 2008.[1]

## DISCUSSION

Because the current petition was filed after April 24, 1996, the provisions of the

---

[1] In that petition, as here, Petitioner contended that the Board of Parole Hearings breached his plea agreement by failing to release him on parole.

1

1  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current
2  petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or
3  successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The
4  court must also dismiss a second or successive petition raising a new ground unless the petitioner
5  can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis
6  of the claim was not previously discoverable through due diligence, and these new facts establish
7  by clear and convincing evidence that but for the constitutional error, no reasonable factfinder
8  would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).
9  However, it is not the district court that decides whether a second or successive petition meets
10 these requirements, which allow a petitioner to file a second or successive petition.

11         Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by
12 this section is filed in the district court, the applicant shall move in the appropriate court of
13 appeals for an order authorizing the district court to consider the application." In other words,
14 Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive
15 petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must
16 dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave
17 to file the petition because a district court lacks subject-matter jurisdiction over a second or
18 successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v.
19 Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v.
20 United States, 96 F.3d 990, 991 (7th Cir. 1996).

21         A second or successive petition for habeas corpus is not considered "successive" if the
22 initial habeas petition was dismissed for a technical or procedural reason versus on the merits.
23 See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not
24 successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v.
25 Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the
26 claim raised in the first petition was dismissed by the district court as premature.)

27         The prior petition in CV 07-4439-ODW (PLA), was dismissed, with prejudice, as time-
28

1 barred by the statute of limitations and, in the alternative, on the merits.[2]  Both grounds are a
2 sufficient basis to bar further review of the action.
3     Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to
4 file his successive petition attacking the conviction.  That being so, this Court has no jurisdiction
5 to consider Petitioner's renewed application for relief from that conviction under § 2254 and must
6 dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner
7 desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do
8 so with the Ninth Circuit Court of Appeals.  See 28 U.S.C. § 2244 (b)(3).

**RECOMMENDATION**

10     Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas
11 corpus be DISMISSED, without prejudice, as a successive petition.
12     This Findings and Recommendation is submitted to the assigned United States District
13 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
14 the Local Rules of Practice for the United States District Court, Eastern District of California.
15 Within thirty (30) days after being served with a copy, any party may file written objections with
16 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
17 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///

---

[2] Although a dismissal based on the statute of limitations does not include an examination of the merits of the petition, it nonetheless operates and is equivalent to a final judgment on the merits.  See e.g. Ellingson v. Burlington Northern Inc., 653 F.2d 1327, 1330 n.3 (9th Cir. 1981) ("[a] judgment based on the statute of limitations is 'on the merits', citing Mathis v. Laird, 457 F.2d 926, 927 5th Cir. 1972), cert. denied, 409 U.S. 871 (1972)); In re Marino, 181 F.3d 1142, 1144 (9th Cir. 1999) (explaining that "for res judicata purposes a dismissal on statute of limitations grounds can be treated as a dismissal on the merits.")  A dismissal based on untimeliness under the statute of limitations bars further review of the action.  Therefore, because the prior petition was adjudicated "on the merits", the instant petition is a "second or successive petition" under § 2244(b).

and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 8, 2008**                    **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE