# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE OSBY, | 1:08-cv-01481-AWI-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| KEN CLARK, Warden | [Doc. 21] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on July 16, 2008, in the United States District Court for the Central District of California. (Court Doc. 1.) The petition was transferred to this Court on September 30, 2008. (Court Doc. 10.)

On October 8, 2008, the undersigned issued a Findings and Recommendation recommending that the petition be dismissed, without prejudice, as a successive petition. (Court Doc. 13.) On October 27, 2008, Petitioner filed objections to the Recommendation. (Court Doc. 17.) In his objections, Petitioner clarified that he wished to challenge the Board of Parole Hearings (BPH) denial of parole in 2007. (Id.) On November 25, 2008, the Court vacated the Findings and Recommendation and directed Petitioner to submit an amended petition clarifying his claim(s) for relief.

Petitioner filed an amended petition on January 5, 2009. (Court Doc. 21.) Petitioner

1

indicates that he was convicted of second degree murder with use of a firearm and street gang enhancement in the Kern County Superior Court, and sentenced to 19 years to life. (Amended Petition, at 1.) Petitioner contends that he was sentenced to a fixed term of 19 years and he was promised by the sentencing court that he would be housed in the California Youth Authority (CYA) until his 25th birthday, and attaches an abstract of judgment. Petitioner contends that because he was not housed in the CYA immediately following his sentence, he requests to withdraw his plea.

## DISCUSSION

A.    Procedural Ground for Review

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

B.    Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on October 14, 2004, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on July 8, 1991. Although Petitioner does not provide the background of his state appellate process following his conviction, the Court takes judicial notice of such facts from case number 2:07-cv-4439-ODW-PLA, filed in the United States District Court for the Central District of California, Report and Recommendation, filed January 28, 2008, at p.2.)[1] The California Supreme Court denied Petitioner's petition for review on April 28, 1993.[2] Thus, direct review became final on July 27, 1993, when the ninety (90) day period for seeking review in the United States Supreme Court expired.[3] Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from July 28, 1993, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. See, Patterson v. Stewart, 251 F.3d

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 74`, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

[2] Cal. R. Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed.

[3] See Sup. Ct. R. 13(1)

3

1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.) Therefore, the statute was set to expire on July 28, 1994. Petitioner did not file the instant amended petition until January 5, 2009, almost fifteen years after the limitations period expired. Accordingly, the claims are barred by the applicable statute of limitations and must be dismissed.

C.    Failure to State Cognizable Claim

To the extent Petitioner contends that he was sentenced to a fixed term of 19 years and is therefore entitled to release after serving such time, his claim is without merit. As reflected on the abstract of judgment attached to the amended petition, Petitioner was sentenced to an indetermination term of 19 years to life.

First, there is no clearly established federal law in support of Petitioner's proposition, and California law does not entitle him to a fixed term until after he is found suitable for parole. In re Stanworth, 33 Cal.3d 176 (1982). In sum, although Petitioner is eventually entitled to a base term, such term cannot be set until after he is found suitable for parole. In re Stanworth, 33 Cal.3d 176.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    The amended petition for writ of habeas corpus filed on January 5, 2009, be dismissed, with prejudice; and

2.    The Clerk of Court be directed to terminate this action in its entirety.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 12, 2009**          /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE